IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE POWERS

       Plaintiff,

   v.

CAPITAL MANAGEMENT
SERVICES, L.P.,

       Defendant.

Civ. No. 6:17-cv-00127-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Ms. Powers alleges that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in two ways: by failing to disclose whether interest was or was not accruing on the balance of the debt, in violation of § 1692g(a); and by misrepresenting the account number for the debt as having only 4 digits, in violation of § 1692e(10). Compl. ¶s 9 & 10, ECF No. 1. Defendant moves for summary judgment on both claims.

Because a debt collector is not required to disclose that interest is not accruing on an account and because defendant did not make a false representation, both claims fail as a matter of law. Defendant's motion for summary is granted. Complaint is dismissed.

## **FACTUAL BACKGROUND**

Defendant Capital Management Services, L.P. is a "debt collector" subject to the federal Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*. In September 2016,

U.S. Bank placed a delinquent account owed by plaintiff with Capital Management for collection. Robinson Decl. ¶2, ECF No. 14.

Capital Management sent Plaintiff a letter dated September 4, 2016. *Id*. at ¶s 2, 3 & Ex. 1. The letter identified the original and current creditor as U.S. Bank, the account number as 5702, and the amount of debt to be $565.91. The letter stated that Capital Management had been "engaged by U.S. BANK to resolve [Ms. Powers'] delinquent debt of $565.91." 5702 is the last four digits of the U.S. Bank account number placed with Capital Management for collections.

Capital Management submits by declaration of Cara Robinson that Capital Management did not apply, charge, or otherwise add any interest to the amount of the debt owed, and neither was the account accruing any interest while Capital Management was attempting to collect on it. Robinson Decl. ¶4, ECF No. 14. Ms. Robinson is employed as Vice President of Technology with Capital Management and made her declaration based on her personal review of Capital Management's business records. Capital Management sent only this one letter and on about November 3, 2016, Defendant closed and returned the Account to U.S. Bank, at U.S. Bank's request. *Id*. at ¶7.

## **STANDARD OF REVIEW**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v.*

*Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

### I. Duty to disclose whether or not interest is accruing

While there is no Ninth Circuit opinion on the issue, at least one judge in the District of Oregon has found that a debt collector does not have a duty to affirmatively state that no interest is accruing or to warn the consumer that interest could accrue if the account is sold to another creditor in the future. *Santibanez v. Nat'l Credit Systems, Inc.*, 2017 WL 126111 (D. Or. Jan. 12, 2017). I agree with my colleague's prior decision. Where interest is not accruing on a debt, the debt collector does not need to state that no interest is accruing. Rather, it is only in instances when interest is accruing on a debt does Section 1692g(a)(1) require a debt collector to disclose that fact and include both principle and interest when stating the amount due. *Id.*, citing *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000).

Plaintiff argues in her response that while there is evidence in the Declaration of Ms. Robinson that Capital Management was not adding interest, there is no evidence as to whether U.S. Bank was or was not adding interest on the debt. Plf.'s Resp. 2, ECF No. 15. I am unpersuaded by Plaintiff's arguments. The evidence in the record shows that U.S. Bank assigned the account to Capital Management and after that point Capital Management was the holder of the debt. The record is clear that Capital Management was not adding interest to the debt during the time that Capital Management was seeking to collect on the debt. Because a debt collector is not required to inform the debtor that interest is not accruing on the principle when that is the

case, Capital Management has fulfilled its obligations under the FDCPA by sending a letter to Plaintiff clearly stating the amount of the delinquent debt to be $565.91.

## II. Misrepresentation of an account number

The collections letter sent out by Defendant states in the top right:

> "Original Creditor: U.S. Bank
> Current Creditor: U.S. Bank
> Account #: 5702
> Amount of Debt: $565.91"

5702 is the last four digits of Ms. Power's U.S. Bank account number. There is no dispute about this and there is no evidence that Ms. Powers did not know the last four numbers of her account. Despite this, she argues that Capital Management's use of the last four numbers of her account is a misrepresentation. She argues that a collections letter should represent the account number with "blacked out numbers" such as XXXX-XXXX-XXXX-5702 or by some means to clearly convey that 5702 is not the entire account number.

The question here is whether Capital Management used "any false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. § 1692e) and more specifically whether Capital Management used "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In determining whether a debt collector has violated the FDCPA by making a false representation, the court is to ask whether the least sophisticated debtor would likely be misled by the collector's communications. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (FDCPA requires an objective analysis that considers whether "the least sophisticated debtor would likely be misled by a communication."). A false but non-material representation is not likely to mislead the least sophisticated consumer and is therefore not actionable under the FDCPA. *Id.* at 1033.

In this case there is no evidence that Capital Management made a false, deceptive, or misleading representation. The letter notice sent to Ms. Powers did not randomly generate four numbers whose origin cannot be traced. The numbers are associated with Ms. Power's U.S. Bank account and the notice reflects the exact amount of a debt owing on that account. A consumer of below average sophistication or intelligence, but still possessing a basic level of understanding and willingness to read with care, would understand that "5702" identifies their consumer U.S. Bank credit card account number. *See*, *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011). True, there are other ways of identifying the account. Capital Management could have preceded the last four numbers of the account with XXX-XXX-XXX or with the phrase "account ending in." The fact that there are other ways or even better ways of identifying the account does not however lead to the conclusion of malevolence.

Consistent with FDCPA's underlying purpose, which is to "eliminate abusive debt collection practices by debt collectors" (15 U.S.C. § 1692(e)), as a matter of law no reasonable juror could determine that Defendant used false or deceptive means.

## **CONCLUSION**

Because a debt collector is not required to disclose that interest is not accruing on an account and because defendant did not make a false representation, plaintiff's two claims fail as a matter of law. Defendant's motion for summary is granted. Complaint is dismissed.

IT IS SO ORDERED.

DATED this 2nd day of August, 2017.

                                                   s/ Michael J. McShane
                                                      Michael J. McShane
                                                 United States District Judge